966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Starlin T. HARGROVE, Petitioner-Appellant,
v.
Terry MORRIS, Respondent-Appellee.
 No. 92-3093.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1992.
 
 Before BOYCE F. MARTIN Jr., and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Starlin T. Hargrove, a pro se Ohio prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After a jury trial, Hargrove was convicted on four counts of aggravated robbery. All counts included a firearm specification pursuant to Ohio Rev.Code § 2929.71. He received consecutive five to twenty-five year terms for each aggravated robbery conviction. The trial court merged one of the firearm specifications for two of the robbery counts while imposing three additional consecutive three year terms for each of the remaining firearm specifications.
 
 
 3
 His direct appeal was denied by the Ohio appellate courts. He then filed his first habeas corpus petition in the federal district court which was dismissed because Hargrove did not exhaust his state court remedies. He then instituted post-conviction proceedings which were unsuccessful. Hargrove has fully exhausted his available state court remedies.
 
 
 4
 He filed his current habeas corpus petition alleging the following seven grounds for relief: 1) his trial counsel's representation was ineffective; 2) his appellate counsel's representation was ineffective; 3) his incarceration, pursuant to Ohio Rev.Code § 2929.71(A), violates the Equal Protection Clause; 4) he was subjected to multiple punishments for the same offense in violation of his protection against double jeopardy; 5) the trial court erred when it refused to declare a mistrial after the prosecutor improperly presented evidence of a prior juvenile conviction; 6) the prosecutor's derogatory and prejudicial comments denied him a fair trial; and 7) the evidence is insufficient to support a guilty verdict. A magistrate judge recommended denying the petition in a 31 page report. After de novo review in light of Hargrove's objections, the district court dismissed his habeas petition.
 
 
 5
 Hargrove has filed a timely appeal. His brief has been construed as alleging the same grounds for relief which he raised in the district court. He moves for the appointment of counsel, and requests, in his brief, leave to proceed as a pauper and a transcript at government expense.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Hargrove's habeas petition as he has not shown that he was denied a fundamentally fair trial or appeal. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 7
 Accordingly, Hargrove's request to proceed as a pauper is granted, his motion for counsel and request for a free transcript are denied, and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.